## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

*Filed Electronically*

| | | |
|---|---|---|
| GRANITE STATE INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MIDWAY RESOURCES, LLC | : | **COMPLAINT** |
| | : | |
| **Serve:** | : | |
| Jimmy Keith Hall | : | |
| 5460 Thornton Road | : | |
| Thornton, Kentucky 41855 | : | Civil Action No. _____ |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

Plaintiff Granite State Insurance Company ("Granite State"), by counsel, for its complaint against Midway Resources, LLC ("Defendant"), states as follows.

## PARTIES

1. At all relevant times, Granite State is and has been a corporation incorporated in the State of Illinois, with its principal place of business located at 175 Water Street, 15th Floor, New York, New York, 10038.

2. Defendant is a limited liability company organized under the laws of Kentucky, with its principal place of business located at 5460 Thornton Road, Thornton, Kentucky 41855. At all relevant times, Defendant's sole member, Jimmy Keith Hall, is and has been domiciled in Kentucky.

## JURISDICTION AND VENUE

3. This Court is vested with jurisdiction pursuant to 28 U.S.C. §1332 because Granite State is a citizen of Illinois and New York, and Defendant is a citizen of Kentucky; in addition, as set forth below and incorporated herein, the amount in controversy exceeds $75,000, exclusive of costs and interest.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in this district.

## GENERAL ALLEGATIONS

5. On or about March 1, 2017, Granite State issued to Defendant a workers' compensation and employers' liability insurance policy with policy number WC 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 (the "Policy"), for a period dating from March 1, 2017 to March 1, 2018 (the "Policy Period"). A true and correct copy of the Policy is attached as **Exhibit A.**

6. Throughout the Policy Period, Granite State provided Defendant with the insurance protection set forth in the Policy.

7. Defendant received and accepted the insurance coverage of the Policy, which required Defendant to pay all premium due and owing. *See* **Exhibit A**.

8. The Policy states, "All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications." *See* **Exhibit A, Part 5 (A).**

9. The Policy further provides, "The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you." *See* **Exhibit A, Part 5 (E).**

10. The audit section of the Policy provides for examination of Defendant's records by Granite State and states that "[i]nformation developed by audit will be used to determine final premium." *See* **Exhibit A, Part 5 (G).**

11. Granite State calculated the estimated annual premium, plus taxes, assessments and surcharges, to be $924,529 (the "Estimated Premium") pursuant to the Policy's terms and conditions and based on documents and information provided by Defendant. *See* **Exhibit A, Information Page**.

12. Defendant paid the Estimated Premium as compensation to Granite State for the insurance coverage provided for in the Policy.

13. Pursuant to the terms of the Policy, the final premium determinations were made after the end of the Policy Period based upon audit of Defendant's operations and records.

14. The audit for the Policy Period was conducted in October 2018 (the "Audit").

15. The Audit reflected that Defendant owed premium of $1,072,730 for the Policy Period, plus taxes, assessments and surcharges of $147,327. A true and correct copy of the Audit is attached as **Exhibit B**.

16. Prior to the Audit, Defendant had paid the Estimated Premium, leaving a difference of $295,528 (the "Premium Due") due and owing to Granite State .

17. On October 16, 2018, Granite State mailed an invoice to the attention of Defendant's insurance representative reflecting that Defendant owed a total of $295,528 for the Policy Period. *See* Invoice, attached as **Exhibit C.**

18. Defendant has failed to remit the Premium Due; to date, the remaining total balance due from Defendant on the Policy is $295,528, plus any applicable costs, pre-judgment and post-judgment interest.

## COUNT I – BREACH OF CONTRACT

19. Granite State incorporates by reference each and every allegation contained in the above paragraphs.

20. Granite State issued the Policy to the Defendant.

21. The Policy issued by Granite State created a valid, binding, and enforceable contract for insurance between the parties.

22. Defendant contracted for and received the benefits of coverage under the Policy; in exchange, Defendant agreed to pay the premium due.

23. Granite State determined the final premium owed by Defendant after the Audit, using the exposure and rates that applied to Defendant's covered lines of business as provided in the Policy.

24. After the Audit, Granite State invoiced Defendant a total of $295,528 for the outstanding balance due on the Policy as of October 16, 2018.

25. All conditions precedent to Granite State's claim for relief have been performed or waived.

26. Defendant has failed to remit the amount owed for the Policy; and the total balance due from Defendant on the Policy is $295,528.

27. As a result of Defendant's failure to pay the Premium Due, Granite State has suffered actual damages in the amount of $295,528, plus any additional pre-judgment and post-judgment interest and costs.

## COUNT II – UNJUST ENRICHMENT

28. Granite State incorporates by reference each and every allegation contained in the above paragraphs.

29. In the alternative to any claim for breach of contract, Defendant is liable to Granite State under the doctrine of unjust enrichment.

30. At all relevant times, Granite State conferred benefits on Defendant by providing Defendant with workers' compensation insurance.

31. At all relevant times, Defendant had knowledge of the benefits conferred by Granite State.

32. Defendant voluntarily accepted, received, and retained the benefits provided by Granite State.

33. Defendant was enriched by the benefits conferred by Granite State.

34. Defendant did not pay Granite State for the full value of the benefits received.

35. Granite State asserts that the unpaid value of the insurance coverage that it provided to Defendant equals $295,528.

36. Despite receipt of this enrichment, Defendant has refused to make full payment to Granite State.

37. Defendant's retention of benefits under these circumstances violates principles of justice, equity, and good conscience.

38. Defendant's retention of the benefits provided by Granite State is inequitable and unjust unless Defendant pays Granite State for the value of the benefit received.

39. As a result of Defendant's unjust enrichment, Granite State is owed $295,528, plus any pre-judgment interest and post-judgment interest and costs.

**WHEREFORE**, Granite State requests the following relief from Defendant:

    a. Compensatory relief in the amount of $295,528;

    b. Costs;

  c.  Pre and post-judgment interest; and

  d.  For any and all other relief to which this Court deems Plaintiff is entitled.

        Respectfully submitted,

        /s/ Michael C. Merrick
        Michael C. Merrick
        Kaplan Johnson Abate & Bird LLP
        710 W. Main St, 4th Floor
        Louisville, Kentucky 40202
        Phone: (502) 242-9099
        Fax: (502) 540-8282
        mmerrick@kaplanjohnsonlaw.com